[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION AFTER HEARING IN DAMAGES
This lawsuit first came to this court by writ, summons and complaint filed July 21, 1995 and returnable August 1, 1995, claiming damages for failure of the defendant to perform certain repairs and restoration to a residence owned by the plaintiffs, loss of rental income, attorney's fees and punitive damages. The complaint contained four counts, breach of contract, unjust CT Page 14162 enrichment, conversion and a violation of CUTPA. The file contains the sheriff's return verifying inhand service of Joseph R. Ranciato and Independent Building Services, Joseph Ranciato proprietor and authorized person to accept service on July 14, 1995.
A default for failure to appear was granted on September 28, 1995 as to both defendants.
A military affidavit was filed on September 27, 1995 stating that Joseph R. Ranciato was not in the military service of the United States and that Independent Building Services is a corporation.
The matter was claimed for a hearing in damages on October 4, 1995 to the court. A hearing was held on November 29, 1995 when the plaintiff Leonard F. Peta appeared and testified and offered certain exhibits.
The court makes the following findings of fact.
The plaintiffs are owners of certain real estate property known as 24 North Stonington Road, Old Mystic. On March 4, 1994, the premises were damages by fire. The premises were a residence used to provide rental income. The plaintiffs entered into an agreement with the defendants to restore the property and repair the fire damage. The agreed price to perform the restoration was $87,000.00. The plaintiffs permitted the advance from insurance proceeds to the defendants to start the work and secure materials in the amount of $35,000.00. (See Plaintiffs' Exhibits B and C.)
The value of the work done by the defendants until the defendants abandoned the job was to the amount of $10,000.00. The agreement provided that the work would be completed within 90 days. (See Plaintiffs' Exhibit G.)
Due to the defendant's failure to perform according to the terms of the agreement, plaintiffs were required to secure the services of another contractor, T. Raiche Builders, and pay a deposit of $5,000.00. (See Plaintiffs' Exhibit F.)
The defendants used a portion of the $35,000.00 advance on other jobs at other locations without the knowledge or consent of the plaintiffs. CT Page 14163
The plaintiffs have filed an affidavit of debt in addition to the various exhibits.
The court, after examination of the affidavit of debt and all the exhibits and credible testimony received on November 29, 1995, enters judgment in favor of the plaintiffs as follows:
1. lost rent for failure to complete repairs on time, 9 months at $800.00 per month — $7,200.00.
2. The unearned portion of the $35,000.00 advance which amounts to $25,000.00.
3. $1,169.00 — Attorney's fees. (See Plaintiffs' Exhibit I.)
4. Costs.
Judgment may enter for the plaintiffs for $33,369.00 plus costs.
Austin, J.